UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID AMAKER,<br><br>Plaintiff,<br><br>v.<br><br>DIALYSIS CLINIC, INC.,<br><br>Defendant. | **Civil Action File No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff David Amaker ("Mr. Amaker") states his complaint against the above-named Defendant as follows.

### INTRODUCTION

1. This is a complaint for disability discrimination in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Mr. Amaker's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Mr. Amaker is a resident and citizen of the State of Georgia. He submits to the jurisdiction of this Court.

5. At all times relevant to this lawsuit, Mr. Amaker was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

6. Defendant Dialysis Clinic, Inc. ("DCI") is a Tennessee corporation registered to conduct business within the State of Georgia. DCI operates dialysis clinics in numerous states, including Georgia.

7. At all times relevant to this lawsuit, DCI has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111, and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. Mr. Amaker has exhausted his administrative remedies with respect to the claims asserted herein.

9. Mr. Amaker filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on November 16, 2021.

10. The EEOC issued a "Notice of Right to Sue" on November 29, 2021 entitling

an action to be commenced within 90 days of receipt of such notice.

## FACTUAL ALLEGATIONS

11. Mr. Amaker began employment with DCI in September 2009 as a Licensed Renal Social Worker.

12. In March 2021, Mr. Amaker was in an automobile accident during which he suffered serious, long-term injuries. These injuries substantially limited several of Mr. Amaker's major life activities, including his ability to work, walk, stoop, bend, and navigate stairs, among others.

13. Because of the injuries Mr. Amaker sustained in the automobile accident, he immediately took medical leave from work.

14. In or about May 2021, Mr. Amaker began experiencing mental health issues related to his automobile accident and his absence from work. These mental health issues caused additional substantial impairment of Mr. Amaker's major life activities, including his ability to think, sleep, and eat, among others.

15. DCI terminated Mr. Amaker's employment on July 1, 2021, while he was on medical leave recovering and preparing to return to work.

## COUNT ONE

### Disability Discrimination in Violation of Title I of the ADA

16. Mr. Amaker incorporates the above paragraphs as if fully set forth herein.

17. Title I of the ADA prohibits employers from terminating an employee due to the employee's disability or perceived disability. Title I of the ADA also requires that employers reasonably accommodate an employee's disability.

18. Mr. Amaker was a qualified individual with a disability under the ADA, as he was able to perform the essential functions of his position with or without accommodation.  That is, had Defendant accommodated Mr. Amaker's disability by allowing him additional leave from work or other reasonable accommodations, he would have been able to perform the essential functions of his job.

19. Defendant violated the ADA by failing to engage in the interactive process to determine whether accommodations were available that would allow Mr. Amaker to perform the essential functions of his position. Defendant terminated Mr. Amaker's employment instead of engaging in the interactive process required under the ADA.

20. Defendant also violated the ADA by failing to reasonably accommodate Mr. Amaker's disability.  Instead of accommodating Mr. Amaker's disability, Defendant terminated his employment.

21. Finally, Defendant violated the ADA by terminating Mr. Amaker's employment because of his disability.  Specifically, Defendant terminated Mr.

Amaker because he was away from work, when Mr. Amaker's absence from work was caused by his disability.

22. Mr. Amaker is entitled to recover all damages caused by Defendant's above-described ADA violations, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

Based on the above, Mr. Amaker demands a jury trial on all triable issues and asks the Court for the following relief:

(1) Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Mr. Amaker's rights under the ADA;

(2) Grant Mr. Amaker a permanent injunction enjoining Defendant and its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy that discriminates against Mr. Amaker and others similarly-situated;

(3) Grant to Mr. Amaker judgment in his favor and against Defendant under all counts of this Complaint;

(4) Order Defendant to make Mr. Amaker whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied

or lost because of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(5) Order Defendant to compensate Mr. Amaker for mental and emotional damages suffered because of Defendant's unlawful and discriminatory acts;

(6) Order that Mr. Amaker be reinstated or, in the alternative, be awarded front pay;

(7) Grant to Mr. Amaker his reasonable attorneys' fees and any and all other costs associated with this action; and

(8) Grant such additional monetary and equitable relief as the Court deems appropriate.

Respectfully submitted on February 25, 2022.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com